**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERESA L. DE BOLT,** | : | |
| | : | **Case No. 2:19-cv-5092** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Chelsey M.** |
| **COMMISSIONER OF** | : | **Vascura** |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter comes before the Court on the Magistrate Judge's July 10, 2020, **Report and Recommendation**. (ECF No. 14). The Magistrate Judge recommended that Plaintiff's Statement of Errors (ECF No. 11) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**. Plaintiff filed an Objection pursuant to Fed.R.Civ.P. 72(b), to this Report and Recommendation (ECF No. 15) and Defendant submitted a Response to Defendant's Objection. (ECF No. 16). This Court herby **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the analysis therein.

## I.  BACKGROUND

Plaintiff, Teresa L. DeBolt, filed an application under Title II of the Social Security Act (the "Act") on December 28, 2016, alleging a disability onset date of August 19, 2013. (ECF No. 8 at 267). After Plaintiff's application was denied initially on March 8, 2017, and upon reconsideration on June 6, 2017, Plaintiff requested a hearing in front of an administrative law judge ("ALJ") on August 4, 2017. (*Id.* at 208). On January 25, 2019, ALJ Virginia Herring held a video hearing at which Plaintiff was represented by counsel, appeared, and testified. (*Id.* at 72-

1

103). Pauline McEachin, vocational expert ("VE"), appeared and testified at the hearing. (*Id.*). During the hearing, Plaintiff amended her alleged onset date to October 20, 2016. (*Id.* at 76).

Following the required five-step sequential analysis,[1] the ALJ issued a decision on May 13, 2019, finding that Plaintiff was not disabled under the meaning of the Act. (*Id.* at 37-53). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity following her amended alleged onset date of October 20, 2016. (*Id.* at 43). At step two, the ALJ found that Plaintiff had the severe impairments, including: fibromyalgia, depression, anxiety, hypertension, obstructive sleep apnea, bilateral carpal tunnel syndrome, chronic obstructive pulmonary disease, and obesity. (*Id.*). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). At step four, the ALJ set forth the Plaintiff's RCF as follows:

---

[1] Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five step sequential steps are as follows:

  (i)     At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

  (ii)    At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

  (iii)   At the third step, we also consider the medial severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .

  (iv)    At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

  (v)     At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 404.1520(a)(4).

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that the claimant can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently and can sit, stand and walk each, for 6 hours in an 8-hour workday. However, the claimant can occasionally climb stairs or ramps, never climb ladders, ropes or scaffolds and can occasionally balance, stoop, kneel, crouch or crawl. The claimant can frequently handle and finger bilaterally. The claimant must avoid environments with excessive pulmonary irritants and poor ventilation, dangerous machinery and unprotected heights. The claimant is limited to simple tasks with only occasional changes in a work setting and no production rate pace, meaning where the production rate is set by an external source such as an assembly line or conveyor belt. The claimant may have occasional contact with the public, coworkers and supervisors.

(*Id.* at 46).  In deciding Plaintiff's RCF, the ALJ considered evidence, including medical records and Dr. Raiser's June 30, 2018 opinion and accorded "little weight" to the opinion because "it is not consistent with the overall evidence particularly in light of handling and fingering limitations." (*Id.* at 50).  The ALJ's reason for giving limited weight to Dr. Raiser's opinion on the grounds that the treating physician's own exam findings did not indicate "the level of impairment for fingering and handling that that Dr. Raiser ultimately opined." (*Id.*).  Ultimately, at step five, the ALJ found that Plaintiff was no longer capable of performing past relevant work, but upon reliance of the VE's testimony, determined that given Plaintiff's age, education, work experience, and RFC were sufficient to make Plaintiff eligible for a significant number of jobs in the national economy.  (*Id.* at 52).  Subsequently, on September 19, 2019, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  (*Id.* at 5).  On November 20, 2019 Plaintiff timely commenced the instant action, and submitted a Statement of Errors alleging the ALJ erred by failing to properly evaluate the opinion of her treating physician, Dr. Raiser, D.O.  (ECF No. 11).

On July 10, 2020, the Magistrate Judge issued a Report and Recommendation recommending that this Court overrule Plaintiff's Statement of Errors and affirm the

Commissioner's non-disability finding under 42 U.S.C. § 405(g). (ECF No. 14). Plaintiff objected to the Magistrate Judge's Report and Recommendation arguing that the ALJ's decision was conclusory and "the 'good reasons' cited by the ALJ for according less than controlling weight to Dr. Raiser's opinions are not supported by substantial evidence." (ECF No. 15). The Defendant submitted a Response in Opposition to the Plaintiff's Objections. (ECF No. 16).

## II.     STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)). A reviewing court has "power to enter, upon pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

## III.     LAW AND ANALYSIS

Before the Magistrate Judge, Plaintiff asserted only one error: that the "good reasons" cited by the ALJ for assigning "less than controlling weight to Dr. Raiser's opinions are not supported

by substantial evidence." (ECF No. 15). The Magistrate Judge found no error in the ALJ's declination to give Dr. Raiser's opinion controlling weight. (ECF No. 14). Furthermore, the Magistrate Judge found the ALJ's articulated reasons for discounting the weight of Dr. Raiser's opinion sufficient. (*Id.*). Plaintiff objects to the Magistrate Judge's conclusion on the grounds that the Magistrate Judge failed to properly apply the substantial evidence standard. (ECF No. 15 at 2). Plaintiff opines that though the record contains "some normal treatment records", these records are not per se contradictory to Dr. Raiser's opinion and that these normal treatment records were insufficient to render Dr. Raiser's opinion ill-supported by the record. (*Id.*). Plaintiff urges this Court to find that the ALJ's "good reasons" for assigning less than controlling weight to Dr. Raiser's opinions are conclusory and "should not be considered substantial evidence." (*Id.*).

After weighing the evidence, the ALJ determined Plaintiff's RFC and found that Plaintiff was capable of performing work, but in alignment with the VE's opinion found that Plaintiff could not perform "past relevant work as actually or generally performed." (ECF No. 8 at 51). The VE found that Plaintiff would be able to perform other jobs, including the following: general office clerk, inspector, and hand packager and the ALJ concluded the same, thus rendering the conclusion that Plaintiff is not disabled within the meaning of the Act. (*Id.* at 52-3).

An ALJ is responsible for deciding a claimant's RFC and must consider all medical opinions received when completing the evaluation of the claimant. 20 C.F.R. § 404.1546(c); 20 C.F.R. § 404.1527(c). Additionally, ALJs must give "good reasons" for their weighing of "treating source" opinions. *Livingston v. Comm'r of Soc. Sec.*, 776 F. Appx. 897, 899 (6th Cir. 2019) (unpublished) (citing 20 C.F.R. § 404.1527(c)(2) and *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007)). The ALJ does not have a duty to adopt medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. Appx. 149, 156-57 (6th Cir. 2009). Under the treating physician rule,

opinions from "treating sources" are to be given more weight based upon their perspective on the claimant's medical history. *Allums v. Commr. of Soc. Sec.*, 975 F. Supp. 2d 823, 827–28 (N.D. Ohio 2013). The treating source's opinion will receive controlling weight only if such opinions are well-supported and not inconsistent with other substantial evidence in the record. (*Id.*).

Despite the controlling weight afforded sometimes to treating physicians' opinions, the ALJ "retains the responsibility for making the ultimate determination of whether the claimant is disabled." *Schuler v. Commr. of Soc. Sec.*, 109 Fed. Appx. 97, 101 (6th Cir. 2004) (unpublished). If, for example, a physician makes a conclusory statement declaring a claimant's disability, such opinion will not be entitled to deference absent further factual support. *Id.* Once the ALJ assigns the treating physician's recommendation a lesser weight, the ALJ must then provide a rationale that is "supported by evidence in the case record, and . . . sufficiently specific." *Friend v. Commr. of Soc. Sec.*, 375 Fed. Appx. 543, 550 (6th Cir. 2010) (unpublished).

Here, the ALJ gave Dr. Raiser, Plaintiff's treating physician, "little" weight "because it is not consistent with the overall evidence particularly in light of handling and fingering limitations." (ECF No. 8 at 50). In assigning Dr. Raiser's opinion "little weight," the ALJ explained "Dr. Raiser's own exam findings do not indicate the level of impairment for fingering and handling that Dr. Raiser ultimately opined." (*Id.*). The ALJ based her conclusion in the record. Of particular importance was an X-ray imaging of Plaintiff's hands from November 2018. The X-ray showed "minimal early degenerative changes of the right hand and no findings erosive changes of the left hand" to a degree inconsistent with the severe level of impairment opined by Dr. Raiser, which said Plaintiff would be able to perform "reaching, handling and fingering bilaterally" for only 25% of the workday. (*Id.*). Dr. Raiser also reasoned that Plaintiff would only be able to sit, stand, and walk less than two hours in an eight-hour shift. (*Id.*). The ALJ found Dr. Raiser's assertion

inconsistent with Plaintiff's medical records for the following reasons: medical exam findings indicated Plaintiff had full range of motion in the lower extremities and walked regularly on the treadmill for an hour each day. (*Id.* at 50-1). Plaintiff also expressed that she was feeling better, was engaged in more activity, and was able to work in her garden. (*Id.*).

Given the specificity of the ALJ's findings and her decision to give the testimony of Dr. Raiser "little weight", despite being Plaintiff's treating physician, the Magistrate Judge did not err in affirming the ALJ's decision because it was supported by good reasons. Further, this court's independent review of the ALJ's findings and the record reveals that the ALJ's decision was supported by substantial evidence in the record.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. Defendant's Response to Plaintiff's Objections is **SUSTAINED**. The Magistrate Judge's Report and Recommendation is hereby **ADOPTED**. The Commissioner's finding of non-disability is **AFFIRMED**. This case is **DISMISSED**.

       **IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 17, 2020**